UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| WILLIAM M. DAVIS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | Case No. 1:16 CV 00154 RWS |
| | ) | 1:08 CR 00074 RWS |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on a motion by Petitioner William M. Davis ("Davis") to vacate his sentence under 28 U.S.C. § 2255, alleging that under Johnson v. United States, 135 S. Ct. 2551 (2015), Davis is no longer subject to an enhanced sentence under the Armed Career Criminal Act ("ACCA"). Respondent United States of America ("Government") opposes the motion, arguing that Johnson does not entitle Davis to relief. For the reasons that follow, I will grant Davis' motion.

**I.    Background**

On December 16, 2008, Davis was sentenced to 180 months of imprisonment as an armed career criminal under 18 U.S.C. §924(e)(1), following his plea of guilty to the offense of Felon in Possession of a Firearm under 18 U.S.C. § 922(g)(1). [Crim. Doc. 34, 35]. The following three predicate

1

convictions for ACCA purposes were identified in Davis' Presentence Report ("PSR") at the time of sentencing:

- (i) Tennessee burglary first degree, June 8, 1981, in Rutherford County, Tennessee, in case number 9064;
- (ii) Florida burglary of a structure, July 24, 1989, in Volusia County, Florida, in case number 88-09681CFAES; and
- (iii) Florida burglary of a dwelling, July 24, 1989, in Volusia County, Florida, in case number 89-01691CFAES.

In 2008, Davis appealed the judgment of conviction, challenging the classification of his Florida burglary of a structure conviction as a "violent felony" under the ACCA and the length of his sentence. See United States v. William Davis, No. 09-1080. The Eighth Circuit denied Davis' appeal, and Davis did not petition the Supreme Court for certiorari. See United States v. Davis, 352 Fed.Appx. 130 (8th Cir. 2009) (confirming that 1989 Florida burglary qualified as a violent felony). On January 11, 2011, Davis filed a petition under 28 U.S.C. §2255 which challenged the classification of his 1989 burglary as a "violent felony" and his prior drug-related convictions as "serious drug offenses" under the ACCA. See William Davis v. United States, 1:11CV4 RWS; 12014 WL 1213462 (2014). The Court denied this petition and did not issue a certificate of appealability. On June 30, 2014, Davis filed a second 28 U.S.C. §2255 petition,

2

without seeking prior permission from the United States Court of Appeals for the Eighth Circuit. *See* William Davis v. United States, 1:14CV98 RWS. The Court denied this petition as successive without permission.

On April 5, 2016, Davis filed an application with the United States Court of Appeals for the Eighth Circuit for permission to file a successive 28 U.S.C. §2255 petition. *See* William Davis v. United States, No. 16-1810. The Eighth Circuit granted Davis permission to file a successive habeas corpus petition on June 23, 2016. In his motion, Davis argues that his two prior convictions for Florida burglary no longer qualify as predicate "violent felony" offenses under Johnson, so he no longer has the requisite three qualifying prior convictions under 18 U.S.C. § 924(e)(1).

Davis and the Government agree that Davis' 1981 Tennessee conviction for burglary first degree remains a violent felony and a predicate offense under the ACCA's enumerated offense clause following Johnson, because the elements of the applicable Tennessee statute satisfy the requirements of generic burglary under federal law.

**II. Legal Standard**

A district court may vacate, set aside, or correct a federal sentence if "the sentence was in excess of the maximum authorized by law." 28 U.S.C. § 2255(a). Davis bears the burden to show he is entitled to relief. Day v. United States, 428

3

F.2d 1193, 1195 (8th Cir. 1970). In a case involving an ACCA conviction such as this one, "the movant carries the burden of showing that the Government did not prove by a preponderance of the evidence that his conviction fell under the ACCA." Hardman v. United States, 149 F.Supp.3d 1144, 1148 (W.D. Mo. 2016); see also Hardman v. United States, 191 F.Supp.3d 989, 992-93 (W.D. Mo. 2016) (denying government's motion for reconsideration on the issue of the burden of proof).

### III. Analysis

Davis asserts that the two Florida burglary convictions counted as predicate offenses in ACCA sentencing no longer qualify as violent felonies following Johnson and related cases. The Government contends that Davis' claims are not cognizable in a successive Section 2255 habeas action because they are not based on a new rule of constitutional law. For the reasons that follow, Davis' claims are reviewable under the Johnson decision and the Florida burglary predicate convictions no longer qualify as violent felonies given the scope of the Florida statute. Thus, Davis no longer has the requisite three qualifying prior convictions under 18 U.S.C. § 924(e)(1) and his sentence should be vacated.

### A. The ACCA and Johnson

Davis' claim for relief relies upon recent Supreme Court cases regarding the ACCA, and specifically the Johnson court's holding that the residual clause of the

4

ACCA is unconstitutional. Ordinarily, the crime of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g) is subject to a maximum punishment of fifteen years. 18 U.S.C. § 924(a). The ACCA requires a fifteen-year minimum sentence enhancement if a person who violates Section 922(g) has three previous convictions for a "violent felony." The statute defines violent felony as any felony that: "(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, or *otherwise involves conduct that presents a serious potential risk of physical injury to another*." 18 U.S.C. § 924(e)(2)(B) (emphasis added). The Johnson court invalidated the italicized portion of the statute, commonly known as the "residual clause." *See* Johnson, 135 S. Ct. at 2556-57. The other clauses, Section 924(e)(2)(B)(i) (the "elements clause"), and the first portion of Section 924(e)(2)(B)(ii) (the "enumerated offenses clause"), remain effective. Id. at 2563. The Supreme Court subsequently confirmed that Johnson announced a new substantive rule which applies retroactively to cases on collateral review. *See* Welch v. United States, 136 S. Ct. 1257, 1268 (2016).

**B. Johnson Relief is Available to Davis**

The Government asserts that Davis is not entitled to successive habeas relief in this case. Because this is not his first Section 2255 habeas petition, Davis must show that his claim meets certain requirements under 28 U.S.C. § 2244(b)(4).

5

Specifically, 28 U.S.C. § 2255(h)(2) authorizes a second or successive habeas motion if it involves "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." Davis contends that his motion meets the requirements of Section 2255(h)(2), as it is based on the new rule of constitutional law under Johnson which was previously unavailable to him and is expressly retroactive to cases on collateral review. *See* Welch v. United States, 135 S. Ct. 2551 (2015). The Government argues that Davis does not present a cognizable claim because the relief sought is not based on a new rule of constitutional law as required by 28 U.S.C. § 2255(h)(2). The Government reasons that Davis' argument utilizes the statutory interpretation principles previously presented in Descamps v. U.S., 133 S.Ct. 2276 (2013), and clarified by Mathis v. United States, 136 S.Ct. 2243 (2016), which are not retroactively applicable. As the Government asserts and Davis concedes, several courts have held that Descamps and Mathis are not retroactively applicable to cases on collateral review. *See, e.g.,* In re Thomas, 823 F.3d 1345 (11th Cir. 2016); Ezell v. United States, 778 F.3d 762 (9th Cir. 2015); Dawkins v. United States, 829 F.3d 549 (7th Cir. 2016). However, in this case Davis relies upon Johnson's invalidation of the residual clause for relief, rather than other decisions such as Descamps and Mathis. Courts within this district and elsewhere have held that Johnson provides a movant such as Davis with a new avenue of relief to

6

challenge his status as an armed career criminal. *See, e.g.*, Redd v. United States, No. 4:16-CV-1665 CAS, 2017 WL 633850, at *3 (E.D. Mo. Feb. 16, 2017) (collecting cases); United States v. Winston, __ F.3d. __, 2017 WL 977031 (4th Cir. Mar. 13, 2017); United States v. Ladwig, 192 F.Supp.3d 1153, 1159-60 (E.D. Wash. 2016); *but see* United States v. Sonczalla, No. CR 07-187 (RHK), 2016 WL 4771064, at *2 (D. Minn. Sept. 12, 2016).

Davis is eligible for Johnson relief because he could have been sentenced under the residual clause of the ACCA. *See* Davis, 352 Fed.Appx. at 131. The Government asserts that Davis was sentenced under the ACCA's enumerated clause, and thus Johnson's invalidation of the residual clause does not affect his status as an armed career criminal. However, the Government cannot demonstrate that Davis was sentenced under the enumerated clause rather than the residual clause. The Court was not required to specifically sentence Davis under either clause, and it does not appear to have done so. *See, e.g.,* In re Chance, 831 F.3d 1335, 1340 (11th Cir. 2016) ("Nothing in the law requires a judge to specify which clause of § 924(c) . . . it relied upon in imposing a sentence."). Applicable records in Davis' underlying criminal case, including the sentencing transcript, do not demonstrate a specific statutory basis for classifying the Florida burglary convictions as ACCA violent felonies. Moreover, in denying Davis' previous direct appeal, the Eighth Circuit reasoned that Davis' Florida burglaries qualified

7

as violent felonies under the residual clause, even if they did not qualify under the enumerated clause. *See* Davis, 352 Fed.Appx. at 131 (citing United States v. Matthews, 466 F.3d 1271, 1274 (11th Cir.2006), for the proposition that "even if defendant's Florida burglary convictions were not generic burglaries, they were violent felonies under the alternative 'otherwise' definition"); *accord* Davis, 1:11 CV 4 RWS [Doc. 5] (citing the Eighth Circuit's reasoning and Matthews language in upholding violent felony classification and denying post-conviction relief). Absent Johnson's invalidation of the residual clause, Davis would not have a claim under Descamps or Mathis that he is not an armed career criminal, because his Florida burglary convictions could still qualify as predicate offenses under the residual clause. On the other hand, following Johnson's invalidation of the ACCA's residual clause, these convictions would need to qualify under the still-effective enumerated clause in order to remain predicate offenses. *See* 18 U.S.C. § 924(e)(2)(B)(ii) (the enumerated clause defines the term "violent felony" to include any felony that "is burglary, arson, or extortion"); Taylor v. United States, 495 U.S. 575 (1990) (establishing generic definition of "burglary").

Because Davis may have been sentenced under the ACCA's residual clause, Johnson's invalidation of the residual clause makes relief available to Davis. Davis therefore relies on "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."

8

28 U.S.C. § 2255(h)(2). Accordingly, the Court rejects the Government's argument and Davis may seek successive habeas review.

C. **Davis' Underlying Florida Burglary Convictions**

Davis asserts that his two prior convictions for Florida burglary no longer qualify as predicate "violent felony" offenses for ACCA purposes because Florida's burglary statute is overinclusive and individisible. The Government's Response does not address the substance of the applicable Florida statute, arguing only that Davis' motion cannot succeed for the threshold reasons addressed above.[1] I will grant Davis' motion because his Florida burglary convictions no longer qualify as predicate offenses.

Davis' prior Florida burglary convictions cannot be used for ACCA enhancement purposes if the applicable statute defines burglary more broadly than

---

[1] The Government has conceded in other cases following Johnson, including at least one Eighth Circuit case, that a Florida burglary conviction does not qualify as a violent felony under the ACCA, because the statute is overinclusive but non-divisible. *See, e.g.*, United States v. Thorne, 837 F.3d 888, 889 (8th Cir. 2016) ("In supplemental briefing ordered after the Supreme Court issued its opinion in Mathis [internal citation omitted], the government concedes that Fla. Stat. § 810.02 does not qualify as a violent felony… In particular, the government concludes the burglary statute in question, as interpreted by the Florida Supreme Court, is overinclusive but non-divisible."); United States v. Esprit, 841 F.3d 1235, 1240 (11th Cir. 2016) ("In light of the Supreme Court's decision in Mathis, the government in this case has expressed the view that the Florida burglary statute's definition of 'structure' is indivisible, and the unlawful entry into the curtilage of a building is merely a possible alternative means of commission of the offense. Thus, the government agrees with Mr. Esprit that his Florida burglary convictions cannot be used to enhance his sentence under ACCA.").

the generic definition under Taylor v. United States, 495 U.S. 575 (1990). "To determine whether a prior conviction is for generic burglary (or other listed crime) courts apply what is known as the categorical approach: They focus solely on whether the elements of the crime of conviction sufficiently match the elements of generic burglary, while ignoring the particular facts of the case." Mathis, 136 S. Ct. at 2248 (citing Taylor, 495 U.S. at 600-01). The elements of a crime are "the things the prosecution must prove to sustain a conviction" and "what the jury must find beyond a reasonable doubt to convict the defendant," while the facts of a crime are "extraneous to the crime's legal requirements" and have "no legal effect [or] consequence." Id. (citations and internal quotations omitted). A prior conviction will qualify as an ACCA predicate offense "if, but only if, its elements are the same as, or narrower than, those of the generic offense." Mathis, 136 S. Ct. at 2247. "[I]f the crime of conviction covers any more conduct than the generic offense, then it is not an ACCA 'burglary'—even if the defendant's actual conduct (i.e., the facts of the crime) fits within the generic offense's boundaries." Id. at 2248. "That means as to burglary—the offense relevant in this case—that Congress meant a crime 'contain[ing] the following elements: an unlawful or unprivileged entry into . . . a building or other structure, with intent to commit a crime.'" Id. at 2248 (quoting Taylor, 495 U.S. at 598). Additionally, courts consider whether the statute is "indivisible" (i.e., sets out a single set of elements)

10

as opposed to "divisible" (i.e., defines multiple crimes by listing elements in the alternative). Id. at 2248-49. (finding that Iowa statute's listed locations are not "alternative elements, going toward the creation of separate crimes" but rather are "alternative ways of satisfying a single locational element."). If the statutory language is broader than the Taylor definition and indivisible, the court need not consider the underlying facts or means of the crime – the prior conviction simply cannot be classified as a violent felony under the ACCA's enumerated clause. *See* Descamps,133 S.Ct. 2276; Mathis,136 S. Ct. 2243.

Here, Davis had two prior Florida burglary convictions which were counted as ACCA predicate offenses, one for burglary of a structure and the other for burglary of a dwelling. If the Florida burglary statute is overinclusive and indivisible, Davis' prior Florida burglary convictions will no longer qualify as predicate offenses. The Florida statute, Fla. Stat. § 810.02, defines "Burglary" as follows:

> (1) "Burglary" means entering or remaining in a structure or a conveyance with the intent to commit an offense therein, unless the premises are at the time open to the public or the defendant is licensed or invited to enter or remain.

The Florida statute, under Fla. Stat. § 810.011, further defines the terms "structure" and "dwelling" as follows:

> (1) "Structure" means a building of any kind, either temporary or permanent, which has a roof over it, together with the curtilage thereof…

11

(2) "Dwelling" means a building or conveyance of any kind, including any attached porch, whether such building or conveyance is temporary or permanent, mobile or immobile, which has a roof over it and is designed to be occupied by people lodging therein at night, together with the curtilage thereof.

The statute forming the basis for Davis' burglary convictions defines both "structure" and "dwelling" broadly to encompass entry of "curtilage." By including curtilage, "Florida's present burglary statute expands the definition of burglary to include not only buildings, but also the grounds around the buildings, for example, a fenced-in backyard." State v. Hamilton, 660 So.2d 1038, 1041 (Fla. 1995) (the statute requires "some form of an enclosure in order for the area surrounding a residence to be considered part of the 'curtilage.'"). The statute is "overinclusive but non-divisible" because it "encompasses entry onto the curtilage of a building without separating entry into a building and entry onto curtilage as separate elements of different offenses." United States v. Thorne, 837 F.3d 888, 889 (8th Cir. 2016).

> There is no crime denominated burglary of a curtilage; the curtilage is not a separate location wherein a burglary can occur. Rather, it is an integral part of the structure or dwelling that it surrounds. Entry onto the curtilage is, for the purposes of the burglary statute, entry into the structure or dwelling.

Id., *citing* Baker v. State, 636 So.2d 1342, 1344 (Fla. 1994). Unlawful entry onto "curtilage" satisfies an element, rather than constituting an alternative element. *See* James v. United States, 127 S.Ct. 1586 (2007) ("We agree that the inclusion of

curtilage takes Florida's underlying offense of burglary outside the definition of 'generic burglary' set forth in Taylor."); overruled on other grounds by Johnson v. United States, 135 St. Ct. 2551 (2015); Williams v. Warden, 713 F.3d 1332, 1345 (11th Cir. 2013) (because "Fla. Stat. § 810.02 defines dwelling to include both the structure and its surrounding curtilage, Taylor rendered it impossible to hold that § 810.02 was categorically a violent felony under the ACCA's enumerated clause"), *cert. denied*, 135 S. Ct. 52 (2014); Baker, 636 So. at 1344 (Fla. 1994) (a Florida jury need not decide whether the defendant entered a structure or curtilage, but simply whether the defendant entered a dwelling). Following Johnson, Eighth and Eleventh Circuit courts have confirmed that a prior conviction under Florida's burglary statute does not qualify as a violent felony for ACCA sentencing purposes. *See, e.g.*, United States v. Thorne, 837 F.3d 888, 889 (8th Cir. 2016); United States v. Esprit, 841 F.3d 1235 (11th Cir. 2016).

Because Florida's burglary statute is overinclusive and indivisible, Davis' prior Florida burglary convictions no longer qualify as predicate "violent felony" offenses under the enumerated clause of the ACCA. As a result, Davis does not have the requisite three prior convictions for purposes of ACCA sentence enhancement. Davis is entitled to be resentenced accordingly, and I will grant his motion to vacate.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner William M. Davis' Motion to Vacate Under 18 U.S.C. § 2255 [Doc. 1] is **GRANTED**.

**IT IS FURTHER ORDERED** that the United States Probation Office shall promptly prepare an updated presentence investigation report as to Davis. Davis is granted a new sentencing hearing, which shall be set as soon as the presentence investigation report is completed.

**IT IS FURTHER ORDERED** that Davis shall remain in custody pending the new sentencing hearing.

**IT IS FURTHER ORDERED** that the Clerk of Court shall provide a copy of this Memorandum and Order to the United States Probation Office.

**IT IS FURTHER ORDERED** that the Clerk of Court is directed to docket a copy of this Memorandum and Order in the accompanying criminal case, No. 1:08-cr-00074-RWS.

An appropriate judgment will accompany this Memorandum and Order.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 25th day of April, 2017.